**Forrest W. NIX, Plaintiff,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Ben APPEL and Forrest Nix, Plaintiffs,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Ben APPEL, Plaintiff,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Nos. CV 80–4480, 80–4508 and 80–4509–AAH(Kx).**

United States District Court, C. D. California.

Aug. 21, 1981.

Robert Halloran, Halloran & Drapkin, Torrance, Cal., for plaintiffs.

Michael Greene, Greenberg & Glusker, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, Chief Judge.

The above-entitled consolidated actions came on regularly for hearing on August 10, 1981 on the motions of defendant Union Mutual Life Insurance Company for partial summary judgment in each of the above cases, before the Honorable A. Andrew Hauk, Judge Presiding. The Court, having considered the papers filed in support of and in opposition to said motions and having listened to argument of counsel and being fully informed in the premises and it appearing to the Court that each of these cases is a proper case for partial summary judgment, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. At all times relevant hereto plaintiffs have been and now are residents of the State of California.

2. At all times relevant hereto defendant Union Mutual Life Insurance Company has been and now is a corporation incorporated under the laws of the State of Maine, with its principal place of business in Portland, Maine.

3. The matter in controversy involved in each of the above cases exceeds the sum of $10,000, exclusive of interest and costs.

4. Effective November 1, 1966 Union Mutual issued its long term group disability policy No. 13076 ("the Union Mutual policy") to Precision Sheet Metal, Inc. ("the policyholder"), which provided certain disability coverage for employees of the policyholder.

5. The Union Mutual policy was terminated on June 1, 1970.

6. Prior to the termination of the Union Mutual policy, plaintiffs were employees of the policyholder and became disabled within the meaning of the Union Mutual policy.

7. In or about 1969, plaintiff Forrest W. Nix presented a claim to Union Mutual for disability benefits and was paid such benefits until he reached the age of 65.

8. In or about 1968, plaintiff Ben Appel presented a claim to Union Mutual for disability benefits and was paid such benefits until he reached the age of 65.

9. The benefit payments which were paid to the plaintiffs included deductions or offsets for primary and family Social Security benefits, which deductions or offsets were increased commensurate with increases in such Social Security benefits, pursuant to the provisions of the Union Mutual policy in conformance with the intention of the policyholder and Union Mutual.

10. Prior to August, 1970, plaintiffs actually knew, or, in the exercise of reasonable care, should have known of the provisions of the Union Mutual policy relating to deductions or offsets for primary and family Social Security benefits.

11. Prior to August, 1970, plaintiffs actually knew, or, in the exercise of reasonable care, should have known of any alleged falsity of any claimed representations alleged to have been made by or chargeable to Union Mutual regarding the similarity of the provisions or coverage of the Union Mutual policy to the provisions or coverage of an earlier disability policy issued to Precision Sheet Metal, Inc. by Insurance Company of North America (INA).

12. Plaintiff Nix did not rely to his detriment on any alleged representation made by or chargeable to Union Mutual which related in any manner to either the provisions of the Union Mutual policy or the INA policy regarding deductions or offsets for primary or family Social Security benefits.

13. There is no genuine issue or substantial controversy as to any fact material to plaintiffs' claims relating to the offsetting of disability benefit payments by Social Security benefits.

14. If any of the following Conclusions of Law be claimed or held to constitute Findings of Fact, they are incorporated herein by this reference.

### CONCLUSIONS OF LAW

1. This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332.

2. The provisions of § 10127.1 and § 10127.15 of the California Insurance Code do not apply to the policy sued upon in these actions or to plaintiffs' claims under the Union Mutual policy.

3. Plaintiffs' claims respecting the reduction of their benefits on account of primary and family Social Security benefits are barred by the statute of limitations.

4. Union Mutual did not commit any fraud on plaintiff Nix in relation to the offsetting of disability benefits by Social Security benefits.

5. If any of the foregoing Findings of Fact be claimed or held to constitute Conclusions of Law they are incorporated herein by this reference.